# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0368, <u>ARAA West Side Holdings, LLC v. Eric Bresett & a.</u>, the court on April 7, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The defendants, Eric Bresett and Crystal Soto (tenants), appeal an order recommended by a referee (<u>Kent</u>, R.) and approved by the Circuit Court (<u>Lyons</u>, J.), entering judgment in favor of the plaintiff, ARAA West Side Holdings, LLC (landlord), in this possessory action for reasons other than non-payment of rent, and determining that the tenants had failed to establish that the eviction was retaliatory.  On appeal, they argue, among other things, that the trial court erred by rejecting their retaliation defense.  We vacate and remand.

We will uphold the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law.  <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66 (2012).  We review questions of law <u>de novo</u>.  <u>Miller v. Slania Enters.</u>, 150 N.H. 655, 659 (2004).

Under RSA 540:13-a, III (2021), a tenant who is less than one week in arrears may defeat an eviction action by proving that the eviction action was brought in retaliation for the tenant meeting with other tenants for a lawful purpose.  "In certain circumstances, the tenant is entitled to a rebuttable presumption of retaliation under RSA 540:13-b [(2021)]."  <u>White Cliffs of Dover v. Bulman</u>, 151 N.H. 251, 254 (2004).  RSA 540:13-b provides, in pertinent part:

> Unless the court finds that the act of the tenant . . . in organizing relative to alleged violations by a landlord was primarily intended to prevent any eviction, a rebuttable presumption that such possessory action was in retaliation of the tenant's action shall be created when any possessory action, increase in rent or any substantial alteration in the terms of the tenancy is instituted by a landlord within 6 months after:
> . . . .
>
> IV.  The discovery by the landlord of activity protected by RSA 540:13-a, III.

RSA 540:13-b, IV.

In this case, the possessory action was filed on May 5, 2022. Therefore, for the rebuttable presumption to apply, the landlord must have discovered the tenants' alleged protected activity (here, attendance at a tenant meeting) within six months of May 5, 2022. See Bulman, 151 N.H. at 254. Six months before May 4, 2022 was November 5, 2021. Thus, the tenants were entitled to a rebuttable presumption upon proof that between November 6, 2021, and May 5, 2022, the landlord discovered their attendance at the tenant meeting.

In rejecting the tenants' retaliation defense, the trial court mistakenly focused upon whether their alleged protected activity occurred before or after "the eviction notice was given." We have held that for the purposes of the rebuttable presumption, service of an eviction notice (also known as a notice to quit) "does not meet the statutory requirement of instituting a possessory action." Bulman, 151 N.H. at 254-55; see Hynes v. Hale, 146 N.H. 533, 539 (2001) ("Although the notice to quit may be a requisite step in the eviction process, it is not itself an eviction action."). Accordingly, the trial court's focus upon whether the alleged protected activity occurred before or after the eviction notice was served constituted legal error.

To the extent that the trial court found that the alleged protected activity occurred after the landlord/tenant writ was filed, the trial court was mistaken as a matter of fact. The evidence before the trial court was that the tenant meeting occurred on April 23, 2022, which was nearly two weeks before the landlord/tenant writ was filed on May 5, 2022.

We are unable to determine as a matter of law, based upon the record before us, whether the rebuttable presumption applied and, if so, whether the landlord sufficiently rebutted it. Nor are we able to determine, as a matter of law, based upon the record before us, whether, even if the rebuttable presumption did not apply, the tenants established their retaliation defense. Under these circumstances, we vacate the trial court's determination that the tenants failed to establish their retaliation defense and remand for further proceedings consistent with this order.

Vacated and remanded.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2